**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000379
26-SEP-2025
08:13 AM
Dkt. 74 SO**

NO. CAAP-23-0000379


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


A.S., B.B., C.M., F.A., F.K., G.W., J.A., K.K., R.S., and T.K.,
Plaintiffs-Appellees,
v.
TRUSTEES OF THE ESTATE OF BERNICE PAUAHI BISHOP dba KAMEHAMEHA
SCHOOLS, JENNIFER NOELANI GOODYEAR-KAʻŌPUA, in her official
capacity as Trustee of the Estate of Bernice Pauahi Bishop dba
Kamehameha Schools, MICHELLE KAʻUHANE, in her official capacity
as Trustee of the Estate of Bernice Pauahi Bishop dba Kamehameha
Schools, ELLIOT MILLS, in his official capacity as Trustee of
the Estate of Bernice Pauahi Bishop dba Kamehameha Schools, and
CRYSTAL ROSE, in her official capacity as Trustee of the Estate
of Bernice Pauahi Bishop dba Kamehameha Schools,[1]
Defendants/Cross-claimants/Third-Party
Plaintiffs/Cross-claim Defendants-Appellants,
and

---

[1]     Pursuant to Hawaii Rules of Evidence Rule 201 and Hawaiʻi Rules of Appellate Procedure Rule 43(c)(1), we take judicial notice that Jennifer Noelani Goodyear-Kaʻōpua and Michelle Kaʻuhane are current Trustees of the Estate of Bernice Pauahi Bishop and are automatically substituted as Defendants/Cross-claimants/Third-Party Plaintiffs/Cross-claim Defendants-Appellants in place of Lance Wilhelm and Micah Kane.

ST. FRANCIS MEDICAL CENTER f.k.a. ST. FRANCIS HOSPITAL,
Defendant/Cross-claim Defendant/Cross-claimant-Appellee,
and
ESTATE OF ROBERT MCCORMICK BROWNE, Deceased,
Defendant/Cross-claim Defendant-Appellee,
and
ST. FRANCIS HEALTHCARE SYSTEM OF HAWAII,
Third-Party Defendant-Appellee,
and
JOHN DOES 1-10, Defendants/Cross-claim
Defendants/Third-Party Defendants,
and
DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, and
DOE NON-PROFIT ENTITIES 1-10,
Cross-claim Defendants/Third-Party Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CCV-21-0000210)


**SUMMARY DISPOSITION ORDER**
(By:  Hiraoka, Presiding Judge, McCullen and Guidry, JJ.)

This appeal arises out of the Circuit Court of the First Circuit's (**circuit court**)[2] dismissal of Defendants/Cross-claimants/Third-Party Plaintiffs/Cross-claim Defendants-Appellants Trustees of the Estate of Bernice Pauahi Bishop, dba Kamehameha Schools' (**Kamehameha Schools**) cross-claims and third-party claims as they relate to Plaintiffs-Appellees A.S., F.K., G.W., T.K., D.G., D.S., M.H., and S.C.'s (collectively, the **Claimants**) claims,[3] against Defendant/Cross-claim Defendant/Cross-claimant-Appellee St. Francis Medical Center f.k.a. St.

---

[2]     The Honorable Dean E. Ochiai presided.

[3]     A.S., F.K., G.W., and T.K. are named plaintiffs in the underlying Complaint.  D.G., D.S., M.H. and S.C. filed claims with the State of Hawaiʻi Medical Inquiry and Conciliation Panel (**MICP**), and their claims were mediated and settled in conjunction with those of the other Claimants.

Francis Hospital and Third-Party Defendant-Appellee St. Francis Healthcare System of Hawaii.[4]  The circuit court dismissed the cross-claims and third-party claims after certifying a good faith settlement between the Claimants, Kamehameha Schools, and St. Francis in 1CCV-21-0000210.

Kamehameha Schools appealed from two orders related to certification of the good faith of the settlement: (1) the "Order Granting [the Claimants'] Petition for Determination of Good Faith Settlement with Defendants [Kamehameha Schools] and [St. Francis], Filed March 3, 2023" (**Good Faith Order**), filed on May 16, 2023; and (2) the "Order Granting Defendant St. Francis Medical Center's Partial Joinder and Statement of Position Regarding [the Claimants'] Petition for Determination of Good Faith Settlement with Defendants [Kamehameha Schools] and [St. Francis,] Filed March 3, 2023" (**Joinder Order**), filed on May 26, 2023.

## I.   BACKGROUND

In 2021, Claimants A.S., F.K., G.W., and T.K., along with six other plaintiffs, filed a Complaint against Kamehameha Schools, St. Francis Medical Center, and Defendant/Cross-claim Defendant-Appellee the Estate of Robert McCormick Browne (**Estate**

---

[4]   St. Francis Medical Center and St. Francis Healthcare System of Hawaii are separate entities, and they are represented by separate counsel in this litigation.  They are referenced individually as **St. Francis Medical Center** and **St. Francis Healthcare System**, and collectively as **St. Francis** in this Summary Disposition Order.

**of Dr. Browne**),[5] pursuant to Hawaii Revised Statutes (**HRS**) § 657-1.8 (2016 & Supp. 2018).  The Complaint asserted claims of negligence and gross negligence, and fraud and fraudulent concealment, against Kamehameha Schools.

Between 2019 and 2020, the four other settling Claimants, D.G., D.S., M.H., and S.C., filed administrative claims with the MICP.

The Claimants identified Dr. Browne, formerly employed as Chief of Psychiatry at St. Francis Medical Center, as having sexually abused the Claimants when they were students at Kamehameha Schools.  HRS § 657-1.8 permits certain actions "for recovery of damages based on physical, psychological, or other injury or condition suffered by a minor arising from the sexual abuse of the minor by any person" that would otherwise be time-barred.

Kamehameha Schools filed cross-claims against St. Francis Medical Center and the Estate of Dr. Browne, and a third-party complaint against St. Francis Healthcare System.

The Claimants entered into separate settlement agreements with St. Francis and Kamehameha Schools, and in March 2023, the Claimants filed a Petition for Determination of Good Faith Settlement (**Petition**).

---

[5]     Dr. Browne is deceased, and the Estate of Dr. Browne is a nominal appellee in this appeal.

St. Francis Medical Center joined the Claimants' Petition to the extent it requested a determination that the Claimants' settlement with St. Francis Medical Center was made in good faith, and that St. Francis Medical Center be fully discharged from all liability and contribution to any other joint tortfeasors as related to the Claimants' claims. St. Francis Medical Center took no position with respect to the Claimants' request for a determination of a good faith settlement with Kamehameha Schools.

St. Francis Healthcare System separately joined the Petition, and took the same positions as St. Francis Medical Center.

Kamehameha Schools partially joined the Petition to the extent it requested a determination that the Claimants' settlement with Kamehameha Schools was made in good faith, and took no position with respect to the Claimants' request for a determination of a good faith settlement with St. Francis Medical Center. Kamehameha Schools opposed the Petition to the extent it sought to bar, dismiss, or extinguish all cross-claims and third-party claims brought by Kamehameha Schools against St. Francis.

In May 2023, the circuit court held a hearing, granted the Petition and St. Francis Medical Center's joinder, and entered its Good Faith Order and Joinder Order. Kamehameha

Schools timely appealed both orders, and the appeal was docketed as CAAP-23-0000379.

## II.  POINT OF ERROR

Kamehameha Schools raises a single point of error on appeal, contending that the circuit court erred in concluding that the good faith settlement bars all of Kamehameha Schools' cross-claims and third-party claims under HRS § 663-15.5 (2016).

We review the circuit court's conclusions of law de novo, under the right/wrong standard.  State v. Hoshijo ex rel. White, 102 Hawai‘i 307, 316, 76 P.3d 550, 559 (2003).  Upon careful review of the record and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Kamehameha Schools' contention as follows.

HRS § 663-15.5, entitled "Release; joint tortfeasors; co-obligors; good faith settlement," provides, in pertinent part,

> (d)   A determination by the court that a settlement was made in good faith shall:
> (1)   Bar any other joint tortfeasor . . . from any further claims against the settling tortfeasor . . . , except those based on a written indemnity agreement; and
> (2)   Result in a dismissal of all cross-claims filed against the settling joint tortfeasor . . . , except those based on a written indemnity agreement.

St. Francis Medical Center argues that the "plain language of the statute reflects the legislative intent to preclude not only contribution claims, but also 'any' other

6

claims that might seek recovery against the settling party for the [Claimants'] harm, whether such claims are styled as seeking 'indemnity,' 'subrogation,' 'contribution,' or anything else." The argument is contrary to the language of the statute and the legislative history.

HRS § 663-15.5 (Supp. 2001) originally provided:

> (d)   A determination by the court that a settlement was made in good faith shall bar any other joint tortfeasor . . . from any further claims against the settling tortfeasor . . . ***for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault.***

(Emphasis added.)   For purposes of the statute, "joint tortfeasors" are "persons jointly or severally liable in tort for the same injury to person or property."   HRS § 663-11 (2016).   The claim bar applied only to claims for joint tortfeasor indemnity or contribution.

The legislature amended the statute in 2003.   The phrase emphasized above was deleted and the words "except those based on a written indemnity agreement" were added. Subparagraph (2) was also added.   2003 Haw. Sess. Laws Act 146, § 1 at 344.   The claim bar language substitution did not change its substance because a written indemnity agreement is not an equitable remedy.   The House Judiciary Committee reported that "this measure is primarily a housekeeping measure."   H. Stand. Comm. Rep. No. 712, in 2003 House Journal, at 1378.   The Senate Judiciary and Hawaiian Affairs Committee similarly reported that

the "purpose of this measure is to make clarifying and housekeeping amendments." S. Stand. Comm. Rep. No. 1205, in 2003 Senate Journal, at 1538. The Conference Committee reported that the "purpose of this measure is to make clarifying and housekeeping amendments" to "[m]ake technical, nonsubstantive amendments for clarity and consistency in style and language." Conf. Comm. Rep. No. 9, in 2003 House Journal, at 1703, 2003 Senate Journal, at 949. Thus, the claim bar still applies only to claims for joint tortfeasor indemnity or contribution.

Contrary to Kamehameha Schools' contention, the circuit court did not authorize a "sweeping dismissal" of all claims – including those grounded on independent duties owed to Kamehameha Schools – against St. Francis. The circuit court's Good Faith Order stated,

> IT IS HEREBY ORDERED that the Petition is GRANTED. The Court finds that the settlements between [the Claimants] and [Kamehameha Schools], and between [the Claimants] and [St. Francis Medical Center] were in good faith, at arm's length, and were fairly arrived at. All cross-claims and third-party claims between the parties are dismissed.

The circuit court's Joinder Order further stated,

> IT IS HEREBY ORDERED that [St. Francis Medical Center's] Joinder and Statement of Position regarding [the Claimants'] Petition for Determination of Good Faith Settlement with [Kamehameha Schools] and St. Francis Medical Center filed March 3, 2023, is hereby GRANTED as follows:
>
> 1. The Court specifically determines that the settlement agreement entered into by and between [St. Francis Medical Center], [St. Francis Healthcare System], and [the Claimants] was made in good faith pursuant to [HRS] Section 663-15.5.

2.    All cross-claims against [St. Francis Medical Center], and all third-party claims against [St. Francis Healthcare System], as they relate to [the Claimants'] claims, shall be, and are hereby, dismissed pursuant to HRS 663-15.5(d)(2).

3.    [St. Francis Medical Center] and [St. Francis Healthcare System] are discharged from all liability for contribution to any other joint tortfeasor or co-obligor as related to [the Claimants'] claims.

4.    Pursuant to HRS § 663-15.5(d)(1), this Order bars any other joint tortfeasor or co-obligor from bringing any further claims against [St. Francis Medical Center] or [St. Francis Healthcare System] in connection with [the Claimants'] claims, except those based upon a written indemnity agreement.

As this court recently recognized in Abad v. Griffith,

> Reading all parts of HRS § 663-15.5 together, we conclude the trial court's approval of a good faith settlement under HRS § 663-15.5(d)(2) requires dismissal of only those crossclaims against a settling joint tortfeasor raised in the capacity of a joint tortfeasor, i.e., those seeking contribution or indemnity (directly or indirectly) for the injury (to the complainant) that is the subject of the good faith settlement.

> . . . [W]e examine, for this limited purpose, the nature of the [appellants'] claims against the [settling joint tortfeasors], i.e., to consider whether they seek contribution or indemnity for the original injury to [the appellees], as opposed to relief for alleged direct injuries to the [appellants].

Nos. CAAP-21-0000120 & CAAP-23-0000015, 2024 WL 5088457, at *5 (Haw. App. Dec. 12, 2024) (SDO).

In Abad, this court examined the nature of the appellants' claims, including the nature of the relief requested, and concluded that the appellants made "separate, unqualified requests for attorneys' fees and costs that are not tied to the [appellants'] liability to the [appellees]." Id. Here, Kamehameha Schools' cross-claims and third-party claims,

including its breach of contract and <u>Uyemura v. Wick</u>[6] claims, arose out of the "original injury" to the Claimants caused by Dr. Browne's abuse, and are "directly or indirectly" in the nature of contribution and indemnity claims.

The circuit court's dismissal of "[a]ll cross-claims against [St. Francis Medical Center], and all third-party claims against [St. Francis Healthcare System]" is therefore consistent with the underlying purpose of HRS § 663-15.5 of protecting settling tortfeasors from contribution claims brought by nonsettling alleged joint tortfeasors.[7]

### III. CONCLUSION

For the foregoing reasons, the circuit court's Good Faith Order and Joinder Order are affirmed.

DATED: Honolulu, Hawai'i, September 26, 2025.

On the briefs:

Claire Wong Black,
for Defendants/Cross-
claimants/Third-Party
Plaintiffs/Cross-claim
Defendants-Appellants.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

---

[6]      57 Haw. 102, 551 P.2d 171 (1976).

[7]      Kamehameha Schools' reply brief argued that HRS § 663-15.5's dismissal provision applies only to cross-claims, not third-party claims, and that the circuit court therefore erred in dismissing the third-party claims asserted against St. Francis Healthcare System.  We consider this argument, which Kamehameha Schools raised for the first time in its reply brief, waived.  See <u>Campos v. Plan. Comm'n</u>, 153 Hawai'i 386, 404, 539 P.3d 170, 188 (App. 2023) ("Points raised for the first time in a reply brief are deemed waived.") (citation omitted); <u>see also</u> <u>Haw. Ventures, LLC v. Otaka, Inc.</u>, 114 Hawai'i 438, 472 n.17, 164 P.3d 696, 730 n.17 (2007) ("[A] point of error is deemed waived for failure to present any argument in its opening brief in the first instance and presenting such arguments in its reply brief to which no answer could be made.") (citations omitted).

Andrew J. Lautenbach,
for Defendant/Cross-claim
Defendant/Cross-claimant-
Appellee.

David J. Minkin,
for Third-Party Defendant-
Appellee.

/s/ Kimberly T. Guidry
Associate Judge